WWR 9897910 jan/las/stf

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 12-18563 |
| | ) | |
|    KATHLEEN A. PENTITO | ) | CHAPTER 7 |
| PETER A. PENTITO | ) | |
| | ) | |
|        DEBTORS | ) | JUDGE ARTHUR I. HARRIS |
| | ) | |
| | ) | MOTION OF |
| | ) | US AUTO CREDIT LLC AS ASSIGNEE OF SLIMANS SALES & SERVICE INC. |
| | ) | FOR RELIEF FROM STAY AND ABANDONMENT |
| | ) | |
| | ) | **2003 PONTIAC GRAND AM** |

     US Auto Credit LLC as assignee of Slimans Sales & Service Inc. (the "Movant") moves this Court, under §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, and under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an Order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362, and for abandonment of property under Bankruptcy Code § 554.

**MEMORANDUM IN SUPPORT**

     1.     The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

     2.     On February 3, 2011, Debtor, Kathleen A. Pentito, obtained a loan from Slimans Sales and Service Inc. in the amount of $6,808.50. Such loan was evidenced by a Retail Installment Contract dated February 3, 2011, a copy of which is attached as Exhibit A.

     3.     To secure payment of the Retail Installment Contract and performance of the other terms contained in it, the Debtor, Kathleen A. Pentito, executed one Security Agreement in favor of Slimans Sales & Service Inc. dated February 3, 2011 (the "Security Agreement"). The Security Agreement granted a lien on the 2003 PONTIAC GRAND AM owned by KATHLEEN A. PENTITO (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

☐ attached as Exhibit B;

    OR

☒ contained in the Retail Installment Contract, attached as Exhibit A.

4. The lien created by the Security Agreement was duly perfected by:

☐ Filing of the Security Agreement in the office of the _____ County Recorder on _____.

☐ Filing of the UCC-1 Financing Statement in the office of _____ on _____.

☒ Notation of the lien on the certificate of title.

☐ Other (state with particularity) _____.

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on Ohio Bureau of Motor Vehicles Title Inquiry, the lien is the 1st lien on the Collateral.

5. The entity in possession of the original Retail Installment Contract as of the date of this motion, is US Auto Credit, LLC as assignee of Slimans Sales & Services Inc..

6. The entity servicing the loan is: N/A.

7. The Retail Installment Contract and Security Agreement was transferred, as evidenced by the following:

    a. If the Collateral is real estate:

        i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

           ☐ N/A.

           OR

           ☐ By endorsement on the Note, payable to _____.

           OR

           ☐ By blank endorsement on the Note, payable to _____.

           OR

           ☐ By allonge attached to the Note, payable to _____.

           OR

           ☐ By blank allonge, attached to the Note.

           OR

☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):_____.

OR

☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit _____. Explain why it provides Movant the authority to endorse the Note: _____.

ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the _____ to _____

iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated _____ in the _____. A copy of the judgment is attached at Exhibit _____.

iv. Other _____ [explain].

b. If the Collateral is not real estate (check one):

☐ N/A.

OR

☒ From the original lender to US Auto Credit LLC by assignement on the Note.

8. The Security Agreement was transferred as follows:

☐ N/A.

OR

☒ From the original lender, mortgagee, or mortgagee's nominee on February 3, 2011 to US Auto Credit LLC. The transfer is evidenced by the document(s) attached to this Motion as Exhibit A.

9. The value of the Collateral is $4,825.00. This valuation is based on NADA Book Value.

10. As of the date of this Motion, there is currently due and owing on the Retail Installment Contract the outstanding balance of $2,571.43, plus interest

accruing thereon at the rate of 24.990 percent per annum [$1.44 PER DAY] from January 10, 2013, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Retail Installment Contract as set forth in paragraph 10 does not include a credit for the sum held in a suspense account by the Movant. The amount of the credit is $N/A.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

   ☒ N/A.

   ☐ The _____ County Treasurer, for real estate taxes, in the amount of $_____.

   ☐ Co-Owners, if applicable

   ☐ Any other party holding a lien, if applicable

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

   ☐ Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: _____.

   ☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

   ☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.

   ☒ Debtor has failed to make periodic payments to Movant since the commencement of this bankruptcy case for the months of February through December 2012, which unpaid payments are in the aggregate amount of $2,866.26 through January 10, 2013. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

   ☐ Other cause (set forth with specificity): _____.

14. Movant has completed the worksheet, attached as Exhibit C.

15. Movant is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. § 554(b) for these reasons (check all that apply):

   ☐ The Collateral is burdensome to the estate because _____.

   ☒ The Collateral is of inconsequential value and benefit to the estate because

upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

WHEREFORE, Movant prays for an order from the Court:
   (a) Granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable nonbankruptcy law.
   (b) Authorizing and directing the Chapter 7 Trustee to abandon the Collateral under Bankruptcy Code § 554.

Respectfully submitted,

 /s/ Stephen R. Franks
Stephen R. Franks  (0075345)
Attorney for US Auto Credit LLC as assignee of
Slimans Sales & Service Inc.
Weltman, Weinberg & Reis Co., L.P.A.
323 W. Lakeside Avenue, Suite #200
Cleveland, OH  44113-1099
216-739-5645
ecfndoh@weltman.com

## CERTIFICATE OF SERVICE

      I certify that on January 14, 2013, a true and correct copy of the Motion of us Auto Credit LLC as assignee of Slimans Sales & Service Inc. was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Steven Emery, Esq., Attorney for Debtors, semery@ohiolegalclinic.com

Stephen R. Franks, Esq., Attorney for Movant, ecfndoh@weltman.com

OFFICE OF THE UNITED STATES TRUSTEE

Mary Ann Rabin, Trustee, trusteemail@rabinandrabin.com


And by regular U.S. mail, postage prepaid, on:

Kathleen A. Pentito
Peter A. Pentito
222 Denison Ave.
Elyria, OH 44035


    /s/ Stephen R. Franks
Stephen R. Franks (0075345)
Weltman, Weinberg & Reis Co., L.P.A.
Attorney for US Auto Credit LLC as assignee of
Slimans Sales & Service Inc.